## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Gregory Lakatos

October 26, 1993

Case No. (Criminal) 81781

BY JUDGE STANLEY P. KLEIN

This matter came before the Court on October 15, 1993, for a hearing on Defendant's Motion to Require Disclosure of the "confidential informant" who arranged this transaction. The Court took the matter under advisement and afforded Mr. Miller, counsel for the defendant, the opportunity to submit an affidavit to establish the materiality of any testimony which the informant might be able to offer at trial. The Court has considered Mr. Miller's affidavit, the transcript of the preliminary hearing and the arguments of counsel. For the reasons hereinafter set forth, under the specific factual circumstances of this case, the Court orders the Commonwealth to disclose the full name of the confidential informant.

In general, the identity of a confidential informant is privileged. *Gray v. Commonwealth*, 233 Va. 313, 328, 356 S.E.2d, 157, 165 (1987). However, an exception to the general rule was recognized in *Roviaro v. United States*, 353 U.S. 53 (1957), wherein the Supreme Court held that the privilege must give way whenever disclosure "is relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause." *Id.* at 60-61. The trial court must balance the public interest in protecting the identities of confidential informants against the Defendant's right to a fair trial based upon the particular circumstances of each case. *Keener v. Commonwealth*, 8 Va.

App. 208, 212 (1989) (*citing United States v. Price*, 783 F.2d 1132, 1137 (4th Cir. 1986)). The Court must distinguish between a participant in the offense and a mere tipster. *Keener* at 212–213 (citations omitted).

In *Keener*, the Court of Appeals noted that the confidential informant's testimony could not only have supported the defense of entrapment but also could have been considered in mitigation of punishment. *Id.* at 214. In his affidavit, Mr. Miller asserts that a confidential informant arranged the transaction between Mr. Lakatos and the undercover police officer. Investigator Wallace's testimony at the preliminary hearing is entirely consistent with Mr. Miller's affidavit. Mr. Miller's affidavit further sets out facts which could support a defense of an accommodation sale, if believed by the jury. The confidential informant's testimony could give additional credence to the facts set out by Mr. Miller.

As the confidential informant was an active participant in the alleged drug transaction which forms the basis for the indictment in this matter, the Court orders the Commonwealth to disclose the full name of the informant to counsel for Defendant by the close of business October 26, 1993.

The Court's opinion in this matter is entirely consistent with an Attorney General of Virginia's opinion, dated October 23, 1993.